**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE

ARTURO SANCHES,                      :
                                     :    Civ. No. 19-18730 (RMB)
          Petitioner,                :
                                     :
     v.                              :         OPINION
                                     :
THE ATTORNEY GENERAL OF THE STATE    :
OF NEW JERSEY, et al.,               :
                                     :
          Respondents.               :
```

**BUMB**, District Judge

Petitioner Arturo Sanches, a pretrial detainee confined in the Camden County Correctional Facility ("CCCF") in Camden, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, which the Court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because he sought pre-trial habeas relief. (Pet., ECF No. 1; Opinion, Dkt. No. 3.) On October 22, 2019, this Court dismissed the petition for failure to exhaust state court remedies. (Order, Dkt. No. 4.) On November 18, 2019, Petitioner filed a motion seeking reconsideration of the Court's Opinion and Order and dismissal of the state charges against him. (Mot. for Reconsideration, Dkt. No. 5.) For the reasons discussed below, the Court will deny Petitioner's motion for reconsideration.

Petitioner was arrested on September 12, 2019 in Pine Hill Borough, New Jersey. (Attachment to Petition, ECF No. 1-1 at 1.)

Petitioner alleges his arrest and detention violated his Constitutional rights and the statutes under which he is charged are unconstitutional. (Attachments to Petition, ECF Nos. 1-1 through 1-4.) Petitioner did not show extraordinary circumstances why he should not exhaust state remedies.

"The purpose of a motion for reconsideration," under Federal Rule of Evidence 59(e) "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). For relief, a party must show one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.

In his motion for reconsideration, Petitioner asserts that he renounced his United States citizenship and that he is now an ambassador who is immune from prosecution. (Mot. Reconsideration, Dkt. No. 5.) The motion is frivolous and reconsideration is denied.

An appropriate Order follows.

Dated: June 26, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**